DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
E-mail: diana@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
E-mail: karen@hkimlaw.com
KIM GILBERT EBRON
*fka* HOWARD KIM & ASSOCIATES
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SRMOF II 2012-1 TRUST, U.S.BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01677-GMN-CWH<br><br>**SFR INVESTMENTS POOL 1, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(7)** |

SFR Investments Pool 1, LLC hereby respectfully requests this Court dismiss Plaintiff SRMOF II 2012-1 TRUST, U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as Trustee's ("U.S. Bank" or "the Bank") Complaint pursuant to FRCP 12(b)(7) due to Plaintiff's failure to join necessary and indispensable parties. This Motion is based on the papers and pleadings on file herein, the following points and authorities, and such evidence/and oral argument as may be presented at the time of the hearing on this matter.

///

///

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The Bank's complaint appears to be an attempt to side step statutory requirements and the Federal Rules of Civil procedure.  After failing to fully protect its security interest when its borrower failed to pay Association assessments, the Bank now seeks to have the Association foreclosure sale declared void based on alleged deficiencies in the conduct of the Association without naming the Association—a necessary party for the relief it seeks.  Moreover, the Bank has not complied with FRCP 5.1. Accordingly, the Bank's complaint should be dismissed pursuant to FRCP 12(b)(7) and FRCP 19. Alternatively, SFR requests an order requiring the Bank to add the Association as a necessary party.

## II.   ALLEGATIONS IN THE COMPLAINT

This case arises from the Mountain Gate Homeowners Association ("Association"), foreclosure of the real property located at 5946 Dronberger Way, Las Vegas, NV 89110; Parcel No. 140-34-412-073 (the "Property"), based on the former homeowner Bertha Manzo's failure to pay the Association assessments. See Compl. at page 2:3-4, page 3:4-5; and page 3:14-17.  On May 9, 2012, a Notice of Delinquent Assessments was recorded against the Property. Id. at ¶14 and the recorded document referenced in footnote 4. On September 11, 2012, a Notice of Default and Election to Sell Property to satisfy Notice of Delinquent Assessment Lien was recorded against the Property. Id. at ¶15 and the recorded document referenced in footnote 5. On January 9, 2013, a Notice of Homeowners Association Sale was recorded against the Property on behalf of the Association. Id. at ¶ 16 and the recorded document referenced in footnote 6.  On June 11, 2013, SFR purchased the Property at the publically held foreclosure auction, by placing the highest bid. Id. at ¶17 and the recorded document referenced in footnote 7. SFR paid the winning bid amount. Id.

The foreclosure sale was conducted by Absolute Collection Services, LLC, ("Absolute") as authorized agent for the Association. Id. at ¶¶ 14, 15, 16, and 17.  After the public auction, on

KIM GILBERT EBRON
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

1  June 11, 2013, Absolute, on behalf of the Association, recorded a Trustee Deed upon Sale
2  transferring title of the Property to SFR. Id. at ¶ 17.

3  On August 31, 2015, U.S. Bank filed a Complaint against SFR for quiet title, declaratory
4  relief, permanent injunction, unjust enrichment and tortious interference with contract. Plaintiff's
5  Complaint did not name the Association, the entity responsible for the foreclosure sale, as a party.

6  The Bank alleges a claim for quiet title against SFR claiming that the Association
7  foreclosure was invalid, unlawful, and void because *inter alia* the amounts stated in the notices
8  were incorrect and the Association and its agent or trustee, failed to provide it with adequate notice.
9  Id. at ¶¶ 27, 33, 34, 35, 45, 61, 64, and 78. Bank also claims that the sale was not commercially
10 reasonable and not performed in good faith. Id. at ¶ 43, 44, 46, 49, and 50. In other words, **the**
11 **Bank, by way of its Complaint, seeks to have the Association foreclosure sale declared invalid**
12 (see Compl., Prayer for Relief, ¶¶ 4-5), yet does not name the parties who are responsible for the
13 sale itself, namely, the Association and possibly its agent, Absolute. The relief the Bank seeks
14 cannot be afforded without the inclusion of such parties.

15 ### III.   LEGAL ARGUMENT

16 **A.   Failure to Join a Party Under Rule 19.**

17 Pursuant to FRCP 19(a), a party shall be joined where:
18 (a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.

19 (1) *Required Party.* A person who is subject to service of process and whose
20 joinder will not deprive the court of subject-matter jurisdiction must be joined as a
   party if:

21 (A) in that person's absence, the court cannot accord complete relief among
22 existing parties; or

23 (B) that person claims an interest relating to the subject of the action and is so
24 situated that disposing of the action in the person's absence may:

25 (i) as a practical matter impair or impede the person's ability to protect the
   interest; or

26 (ii) leave an existing party subject to a substantial risk of incurring double,
27 multiple, or otherwise inconsistent obligations because of the interest.

28

**KIM GILBERT EBRON**
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

    (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

    (3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Applying the factors under FRCP 19(a), the Court should find that the Association (and possibly its agent, Absolute), is not only a required party, but is an indispensable party without whom this action cannot proceed. Because the Association is not joined to this action, the claims brought by Plaintiff cannot be adjudicated among the existing parties, and SFR suffers the substantial risk of incurring multiple and/or inconsistent results due to Plaintiff's failure to join the Association, and possibly Absolute, as parties to this action.

Rule 19(b) lists the following factors to assist a court in determining whether the case should proceed or be dismissed:

(b) WHEN JOINDER IS NOT FEASIBLE. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

  (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

  (2) the extent to which any prejudice could be lessened or avoided by:

  (A) protective provisions in the judgment;

  (B) shaping the relief; or

  (C) other measures;

  (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

These factors "are not to be applied in any mechanical way" but rather in a "practical and pragmatic but equitable manner." Francis Oil & Gas, Inc. v. Exxon, Corp., 661 F.2d 873, 878 (10th Cir. 1981). Here, this Court cannot render judgment in favor of U.S. Bank, because U.S. Bank has

- 4 -

1 not named the necessary party(s) in order to effectuate that relief that it seeks, namely, having the Association foreclosure sale declared void. The relief it seeks is based on the actions of the Association (and possibly Absolute), not SFR. Everything that led up to the foreclosure sale was performed by parties other than SFR.

Plaintiff acts as if SFR was responsible for the Association foreclosure sale. SFR was not responsible for the sale. Nothing in NRS 116.3116 places this burden on a purchaser at a public auction. In fact, just the opposite is true. Even if the Bank could prove some irregularity with the sale (which it cannot), the Nevada Legislature created a statutory scheme that entitles SFR to rely on the conclusive proof of the recitals of the Association foreclosure deed that the sale was conducted in a proper and lawful manner. For the Bank to prevail, it must litigate its claims of improper foreclosure against the correct parties. Because it has refused to take the necessary steps to do so, Plaintiff's complaint should be dismissed.

**B. The Bank Failed to Name Parties Who Are Affected by the Declaratory Relief it Seeks in Derogation of NRS 30.130; Dismissal is Appropriate**

The Bank's Complaint should be dismissed because it violated NRS 30.130 when it failed to name the Association, whose interest in real property would certainly be affected by a declaration that its actions surrounding the sale were improper. Moreover, any voiding of the sale would affect the Association's lien interest in the Property.

According to NRS 30.130:

> **Parties.** When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General shall also be served with a copy of the proceeding and be entitled to be heard.

NRS 30.130.

Here, the Bank doesn't name the Association, the party responsible for the Association foreclosure process and sale, even though it is seeking to have the Association foreclosure sale set aside as void. The declaratory relief it seeks is based on the actions of the Association and its

agent Absolute and the remedies sought impact the Association's and Absolute's interests. The Bank needed to name these entities as parties in order to get the relief it is seeking. Further, since the Bank is seeking declaratory relief (setting aside the sale as being unlawful and void), such relief directly affects SFR and the Association. Yet, the Bank only names SFR, a party which had nothing to do with the Association foreclosure process or in the conducting of the sale.

### C. The Bank Claims that NRS 116.3116 is Unconstitutional, But Didn't Notify the Attorney General in Violation of FRCP 5.1; Dismissal is Appropriate

The Bank claims that NRS 116.3116 is unconstitutional (see Compl., ¶¶ **34, 35, 36, 37, 38, and 39**), but appears to have failed to notify the Attorney General as required.

According to FRCP 5.1,

(a) NOTICE BY A PARTY. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

   (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

   (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

   (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

   (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

Here, Plaintiff has not provided any evidence that it notified and served a copy of the complaint on the Attorney General as required by FRCP 5.1. As such, dismissal with prejudice is warranted.

///

///

///

- 6 -

### IV. CONCLUSION

Based upon the foregoing, SFR respectfully requests this Court dismiss U.S. Bank's Complaint pursuant to FRCP 12(b)(7), FRCP 19 and FRCP 5.1.  Alternatively, SFR requests this Court require U.S. Bank to amend its complaint to include the Association as a necessary party.

DATED this 10th day of February, 2016.

**KIM GILBERT EBRON**

*/s/ Diana Cline Ebron*
DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada  89139
*Attorneys for SFR Investments Pool 1, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February, 2016, pursuant to FRCP 5, I served via the CM-ECF electronic filing system the foregoing **SFR INVESTMENTS POOL 1, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(7)** to the following parties:

Dana Jonathon Nitz, Esq.
Edgar C. Smith, Esq.
Christopher A.J. Swift, Esq.
WRIGHT, FINLAY, & ZAK, LLP
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
cswift@wrightlegal.net
dnitz@wrightlegal.net
esmith@wrightlegal.net

*Attorneys for SRMOF II 2012-1 TRUST, U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as Trustee*

*/s/ Diana Cline Ebron*
An employee of KIM GILBERT EBRON