**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SRMOF II 2012-1 TRUST, U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as Trustee, <br><br>　　　　　Plaintiff, <br>　vs. <br><br>SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, <br><br>　　　　　Defendants. | Case No.: 2:15-cv-01677-GMN-CWH <br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendant SFR Investments Pool 1, LLC ("SFR"). Plaintiff SRMOF II 2012-1 Trust, U.S. Bank National Association, not in its individual capacity but solely as Trustee ("SMROF II") filed a Response (ECF No. 17), and SFR filed a Reply (ECF No. 18).

## I.　　BACKGROUND

In 2008, non-party Ronald Olsen borrowed $208,856 (the "Note") to purchase real property at 5946 Dronberger Way, Las Vegas, Nevada 89110 (the "Property"), secured by a deed of trust (the "DOT"). (Compl. ¶¶ 2, 10–11, ECF No. 2). On May 9, 2012, non-party Absolute Collection Services, LLC (the "HOA Trustee"), purportedly acting for Mountain Gate Homeowners Association (the "HOA"), recorded a Notice of Delinquent Assessment Lien against the Property. (*Id.* ¶ 14). On September 11, 2012, the HOA Trustee recorded a Notice of Default and Election to Sell Under Homeowners Association Lien. (*Id.* ¶ 15). On January 9, 2013, the HOA Trustee and the HOA recorded a Notice of Trustee's Sale, scheduling a sale of the Property for March 12, 2013. (*Id.* ¶ 16). On June 11, 2013, the HOA and the HOA Trustee

sold the Property to SFR for $16,000. (*Id.* ¶ 17). On November 14, 2013, the DOT was assigned to SRMOF II. (*Id.* ¶ 12).

SRMOF II argues its due process rights were violated by defects in the notices related to the HOA sale and, thus, the sale is invalid and could not have extinguished SRMOF II's secured interest in the Property. (*Id.* ¶¶ 18–39). It also argues the sale was commercially unreasonable. (*Id.* ¶¶ 40–45).

SRMOF II brings the following claims against SFR: (1) quiet title; (2) preliminary and permanent injunction; (3) unjust enrichment; and (4) tortious interference with contract. (*Id.* ¶¶ 55–91). SFR asks the Court to dismiss the case because the HOA is an indispensable party, or in the alternative, require SRMOF II to add the HOA as a necessary party. (Mot. Dismiss 2:7–10).

## II.     LEGAL STANDARD

Rule 19 of the Federal Rules of Civil Procedure governs whether an absent party must be joined. It requires a court to engage in "three successive inquiries." *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). First, the court must determine whether the person or party to be joined is "necessary." *Id.* Rule 19(a) provides a two-prong inquiry for determining whether a party is necessary. *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014). A party is necessary if (1) "in that person's absence, the court cannot accord complete relief among existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

"If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Peabody W. Coal Co.*,

400 F.3d at 779.  Under Rule 19(a), joinder is not feasible in three circumstances: "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *Id.*; *see also* Fed. R. Civ. P. 19(a).

Third, if joinder is not feasible, "the court must determine . . . whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Peabody W. Coal Co.*, 400 F.3d at 779.  Although an absent party may be deemed "necessary" under Rule 19(a), that party may not necessarily be "indispensable" under Rule 19(b).  A "necessary" absentee refers to a person "whose joinder in the action is desirable," but without whom the case may potentially proceed. *See id.* ("If understood in its ordinary sense, 'necessary' is too strong a word, for it is still possible under Rule 19(b) for the case to proceed without joinder of the so-called 'necessary' absentee.").

As stated, however, if the "necessary" absentee is also an "indispensable" absentee under Rule 19(b), the case cannot proceed without joining that party and it should be dismissed. Id.

> Indispensable parties under Rule 19(b) are "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

*Id.* (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)).  Rule 19(b) lists four factors for the court to consider when determining whether a party is "indispensable."  These factors include

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

### III. DISCUSSION

SFR argues the HOA is a necessary party to this case because the Court cannot accord complete relief among the existing parties if it chooses not to join the HOA.  The Court agrees.  SRMOF II seeks as a remedy a declaration that the DOT survived the HOA foreclosure sale and that, accordingly, the sale did not extinguish SRMOF II's rights and interest in the Property. (Compl. ¶¶ 55–65).  Granting this remedy alone would not make the HOA a necessary party because the Court can provide complete relief to the existing parties by quieting title in favor of SRMOF II.  Simply quieting title would not affect the HOA's interests because the HOA sale would remain valid, and the HOA would retain the proceeds of the sale.

However, Plaintiff seeks an alternative remedy—a declaration that the HOA foreclosure sale is invalid  because it violated SRMOF II's due process rights and was commercially unreasonable. (*Id.* ¶¶ 34–40, 61).  This proposed remedy implicates the HOA's interests in the Property because by granting this alternative relief ownership of the Property would revert to Bertha Manzo, SFR would recover the consideration it gave the HOA for the property, and the HOA's lien against the Property would be restored. *See Nationstar Mortgage, LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-CV-01287, 2015 WL 7069298, at *3–4 (D. Nev. Nov. 12, 2015) (rejecting a motion to dismiss a quiet title claim against an HOA because the plaintiff sought a declaration that the HOA foreclosure sale was void ab initio).

Because the HOA would regain an interest in the Property if the Court declares the HOA sale to be invalid, the HOA is a necessary party to this action.  Granting Plaintiff's request for relief in the HOA's absence could impair or impede the HOA's ability to protect its interests.  In addition, the parties may need to pursue separate litigation to further settle their rights and interests related to the Property. *See U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-CV-00302, 2015 WL 8780157, at *1-2 (D. Nev. Dec. 15, 2015) (rejecting an HOA's request

for dismissal from a foreclosure case because the HOA was a necessary party due to the plaintiff's challenge of the sale's validity).

Although the Court would ordinarily grant SFR's Motion to Dismiss, SRMOF II recently filed a Motion to Amend Complaint (ECF No. 25) before the Court, seeking to add the HOA and the HOA Trustee as parties and bring additional claims as to these new parties. Accordingly, because SRMOF II's proposed First Amended Complaint does not seek to add new claims against SFR, the Court grants SRMOF II's Motion to Amend Complaint and denies as moot SFR's Motion to Dismiss.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that SRMOF II's Motion to Amend Complaint (ECF No. 25) is granted.  Accordingly, the Clerk of the Court shall file on the docket SRMOF II's proposed First Amended Complaint, attached as Exhibit A to SRMOF II's Errata to Motion to Amend Complaint (ECF No. 26-1), as SRMOF II's First Amended Complaint.

**IT IS FURTHER ORDERED** that SFR's Motion to Dismiss (ECF No. 15) is **DENIED as moot**.

**DATED** this __30__ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge